UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KIN & COMPANY INC.,

    Plaintiff,

  -v-                                    No.   1:21-cv-09317 (LTS)

MATTE PROJECTS LLC

    Defendant.

-------------------------------------------------------x

## ORDER

Plaintiff KIN & Company Inc. ("Plaintiff") filed a complaint in this action, asserting that the Court has subject matter jurisdiction on the basis of diversity of citizenship. (Docket entry no. 1 ("Complaint") ¶ 17.) In the Complaint, Plaintiff alleges that it is California corporation with its principal place of business in California. (Id. ¶ 15.) Plaintiff alleges that defendant Matte Projects LLC ("Defendant") is a "New York Domestic Limited Liability Company with its sole place of business at 174 Hudson Street, 5th Floor, New York, New York," and that "[w]hile Matte's employees may work remotely at times, this 174 Hudson Street address is the address of their employer." (Id. ¶ 16.)

These allegations, without more, are insufficient to establish diversity jurisdiction, because they do not establish the citizenship of Defendant. For purposes of diversity jurisdiction, "a limited liability company is deemed to be a citizen of each state of which its members are citizens." Pall Corporation v. Cleanspace Modular, LLC, 23-CV-02082-JLR, 2023 WL 2504304, at *1 (S.D.N.Y. Mar. 14, 2023) (citing Handelsman v. Bedford Vill. Assocs. L.P., 213 F.3d 48, 51-52 (2d Cir. 2000)); see also Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) (holding that an allegation as to the "principal place of business" of a limited liability

company is insufficient to establish diversity jurisdiction because it does not allege "the identity or citizenship of [the company's] members.").

Federal Rule of Civil Procedure 7.1 ("Rule 7.1"), as amended in 2022, provides as follows:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2). This amendment was adopted, in part, because of the burden imposed upon plaintiffs seeking to bring suit against limited liability companies. "[M]any examples of attributed citizenship arise from noncorporate entities that sue or are sued as an entity. A familiar example is a limited liability company, which takes on the citizenship of each of its owners. A party suing an LLC may not have all the information it needs to plead the LLC's citizenship." Fed. R. Civ. P. 7.1 advisory committee's note. To ensure that diversity jurisdiction exists, this burden of disclosure is imposed upon not just the plaintiff, but also "other parties and intervenors." Id.

Here, neither party has filed a disclosure statement pursuant to Rule 7.1. Accordingly, both parties shall, by **May 10, 2023,** file a completed Rule 7.1 Disclosure Statement, which shall name, and identify the citizenship of, every individual or entity whose citizenship is attributable to that party.

SO ORDERED.

Dated: New York, New York
       May 2, 2023

                                                             /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                          Chief United States District Judge