```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

KIN & COMPANY INC.,

        Plaintiff,

  -v-                                        No.  1:21-cv-09317 (LTS)

MATTE PROJECTS LLC

        Defendant.

```
-------------------------------------------------------x
```

## ORDER

        Plaintiff KIN & Company Inc. ("Plaintiff") filed a complaint in this action, asserting that the Court has subject matter jurisdiction on the basis of diversity of citizenship. (Docket entry no. 1 ("Complaint") ¶ 17.)  Federal Rule of Civil Procedure 7.1 ("Rule 7.1"), as amended in 2022, provides as follows:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement.  The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).  Pursuant to Rule 7.1, the Court issued an order (docket entry no. 16 (the "First Order")) requiring both parties to submit disclosure statements ("Rule 7.1 Statements") that "name, and identify the citizenship of, every individual or entity whose citizenship is attributable to that party."  (Id. at 3.)  In issuing the order, the Court noted that Defendant Matte Projects LLC ("Defendant") was a limited liability company, and that a limited liability company is "deemed to be a citizen of each state of which its members are citizens,"

meaning that merely identifying Defendant's principal place of business was insufficient to satisfy the Rule 7.1 inquiry.  (Id. at 1-2 (citing Pall Corp. v. Cleanspace Modular, LLC, No. 23-CV-02082-JLR, 2023 WL 2504304, at *1 (S.D.N.Y. Mar. 14, 2023)).)

In response to the First Order, both parties submitted Rule 7.1 Statements (docket entry nos. 18 and 19).  The submission filed by Defendant, however, stated only that "Defendant Matte Projects LLC has one member, Matte LLC, which is a New York State domestic limited liability company having its principal place of business within New York."  (Docket entry no. 18 ("Def. 7.1 St.") at 1.)  As the Defendant's Rule 7.1 Statement did not identify the state citizenship of Matte Projects LLC or Matte LLC, the Court directed Defendant to file an amended Rule 7.1 Statement in compliance with Rule 7.1.  (Docket entry no. 20 (the "Second Order").)

In response to the Second Order, Defendant submitted an amended Rule 7.1 Statement (docket entry no. 21 (the "Amended Def. 7.1 St.").)  In the Amended Def. 7.1 St., Defendant stated that:

> Defendant Matte Projects LLC is a New York State domestic limited liability company having its principal place of business located within New York.  Matte Projects LLC has one member, Matte LLC, which is also a New York State domestic limited liability company having its principal place of business located within New York.  Accordingly, both Matte Projects LLC and Matte LLC are citizens of the State of New York.

(Amended Def. 7.1 St. at 1-2.)

This statement does not satisfy Rule 7.1 because it does not "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to" Defendant. Defendant states that Matte Projects LLC is a limited liability company with one member, Matte LLC, and alleges Matte LLC's citizenship.  This does not complete the Rule 7.1 inquiry, however, because Matte LLC is also a limited liability company.  As a limited liability company,

Matte LLC is deemed to share the state(s) of citizenship of each of its members, and, because Matte LLC is the sole member of Matte Projects LLC, the citizenship of Matte LLC's members determines the citizenship of Matte Projects LLC.  As an example, if Matte LLC has two members, one of which ("Member A") is an individual who is a citizen of Illinois, and one ("Member B") that is in turn an LLC whose members are individuals who are citizens of New York and Pennsylvania, Matte LLC and Matte Projects LLC would be citizens of Illinois, New York and Pennsylvania.  To satisfy its obligations under Rule 7.1, Defendant would therefore have to name and identify the citizenship(s) of Member A and Member B.  Here, Defendant has failed to name and identify the citizenship of the members of Matte LLC, and has therefore failed to name, and identify the citizenship of, every individual or entity whose citizenship is attributable to Matte Projects LLC.  See U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("[I]f any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.")

Defendant has not yet filed a 7.1 Statement which complies with Rule 7.1. Accordingly, Defendant shall, by **May 31, 2023**, file a completed Rule 7.1 Disclosure Statement, which shall name, and identify the citizenship of, <u>every individual or entity whose citizenship is attributable to the Defendant.</u>

SO ORDERED.

Dated: New York, New York
       May 24, 2023

                                                  /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 Chief United States District Judge