

**David Marcus**
Partner
David@adelmanmatz.com
Dir: (646) 915-1190

June 9, 2023

# MEMO ENDORSED

**VIA ECF**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 17C
New York, NY 10007-1312

    Re:    *Kin & Company Inc. v. Matte Projects LLC* (1:21-cv-09317-LTS)

Hon. Judge Swain:

    We represent Defendant Matte Projects LLC ("Defendant") in the above-referenced action. Pursuant to Rule A(5)(a-b) of Your Honor's Individual Practices, Defendant files this letter to request that the Court issue an order allowing Defendant to file the Rule 7.1 Disclosure Statement at Ex. A to electronically file the attached Declaration of Elias Pollack, dated June 9, 2023 (the "Pollack Decl.") so that the highlighted areas on Schedule 1 of the Rule 7.1 Disclosure Statement is redacted.

    Defendant's request concerns the attached Rule 7.1 Disclosure Statement at Ex. A, which is being filed today pursuant to this Court's May 30, 2023 order [Dkt. No. 24] (the "Order"). The Order directed Defendant to file an amended disclosure statement that provides the State of residence of each of the members of Defendant's sole member/parent, Matte LLC, in order for the Court to determine whether diversity jurisdiction exists amongst the parties. *See also* [Dkt Nos. 16, 20, 22]. For the reasons provided below, Defendant seeks an order to redact the highlighted information on Schedule 1 of Ex. A.

    Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006), the Court is to engage in a three-part test when determining whether to issue an order for the sealing or redaction of documents. *First*, the Court is to determine whether the document is a judicial document, i.e., whether "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch* 435 F.3d at 119. *Second*, the Court is to determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court. *Finally*, the Court is to weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *See id*., at 120. These factors weigh in favor of Defendant's request.

    While the Rule 7.1 Disclosure Statement is a judicial document, its only purpose as provided in the Order is to ensure that there is complete diversity jurisdiction of this Court over the parties involved. The Rule 7.1 Disclosure Statement's purpose, and in particular the attached Schedule 1 is,

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1159 Second Avenue, Suite 153
New York, New York 10065

Office:
800 Third Avenue, 25th Floor
New York, New York 10022

only relevant for the Court to make that determination. The information sought to be redacted, the identities of non-party Matte LLC's members, is not in any way relevant to the claims in this action. Plaintiff Kin & Company, Inc.'s contract and account stated claim is only against Defendant and there is no allegation that would make non-party Matte LLC, Defendant's sole member, liable, let alone Matte LLC's members [Dkt No. 1]; *Levinson v. Primedia Inc.*, 2007 WL 2298406, at *9 (S.D.N.Y. 2007) (a company's parent bears no direct liability for its subsidiary's breach of contract). The relevant portion of Schedule 1, which contains the States of residence of Matte LLC's members, is provided and there is no request to redact that information. This request is narrowly tailored to redact the identities of Matte LLC's non-party members. The first and second factors weigh heavily in favor of Defendants' request as the request is narrowly tailored, the information that the Court needs to determine whether diversity jurisdiction is provided and the identities of Matte LLC's members is not relevant in any way to any claim, or any potential defense, in this action.

The privacy interests of the non-party members of Matte LLC also outweigh the interest of public dissemination of the document, in particular because the redacted information is not relevant at all to the subject matter of the case. It is well-settled in the Second Circuit that sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch* 435 F.3d at 119;); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. 2016) (sealing sensitive business information); *Avocent Redmond Corp. v Raritan Americas, Inc.*, 2012 WL 3114855, at *15-17 (S.D.N.Y. 2012) (ordering documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"). "Further, protecting the privacy interests of non-parties…represents a legitimate basis for sealing judicial documents." *Securities and Exchange Commission v. Telegram Group Inc.* (S.D.N.Y. 2020) 2020 WL 3264264, at *3. "Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision on the summary judgment motions." *Sec. and Exch. Commn. v Ripple Labs, Inc*., 2023 WL 3477552 at *3 (S.D.N.Y. 2023) (granting request to redact the identity of the non-party declarant of a declaration submitted in support of summary judgment motion, as well as the identities of third-parties discussed therein, as the identities thereof was "minimally relevant to the Court's summary judgment decision" and because of other public policy concerns regarding the protection of their identities) (*citing City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737 at *2 (S.D.N.Y. 2021) (declining to redact the portions of the parties' brief describing the transactions at issue as they were central to the case but granting the narrowly tailored request to redact the personal information of non-parties). Here, (a) the redaction request is narrowly tailored, (b) the redacted information is utterly irrelevant to the substantive issues in this case, (c) the redacted information is not necessary for the Court's diversity jurisdiction analysis, (d) the information to be redacted is confidential information that is not publicly available, and (e) release of this information to the public may cause harm to non-party members of another non-party, i.e. Matte LLC. Pollack Decl. ¶¶3-5. Accordingly, the privacy concerns of the non-parties as well as Defendant's interest in protecting the privacy concerns of its member, and the members of its member, weighs heavily in favor of Defendant's request being granted.

This request is made *ex-parte* based on the sensitive nature of the information to be redacted, the fact that the identities of non-party Matte LLC's members is irrelevant to any claim or potential defense and in order to preserve judicial economy. *See id*. There is no confidentiality/order in place that would be necessary before any confidential information could be exchanged between the parties. To delay the submission of the 7.1 Disclosure Statement so that a confidentiality order can be negotiated and executed, while a motion to dismiss the entire action is pending, certainly does not

promote judicial economy. Also, releasing the identities of the parties, even to Plaintiff and its counsel, will provide insight into the investment strategies of non-parties. Given that the identities of Matte LLC's members are not relevant to Plaintiff's claims, and as they request not to be identified as members in Matte LLC, that in itself is sufficient basis to grant this request on an *ex-parte* basis.[1] Additionally, unlike cases where an LLC commences an action in federal court on diversity grounds and must provide membership information because the LLC elected to avail itself of federal jurisdiction, neither Defendant nor Matte LLC sought diversity jurisdiction here. For these reasons, Defendant has made this motion request on an *ex-parte* basis.

We have conferred with counsel for Plaintiff who advised that Plaintiff takes no position with respect to Defendant's redaction request or that it is being filed on an *ex-parte* basis.

A Rule 7.1 Disclosure Statement is being filed simultaneously herewith in the form attached as Exhibit A, i.e. with redactions, pending this Court's order on this sealing motion. Defendant requests that in addition to this redaction request being granted that the filed Rule 7.1 Disclosure Statement be deemed properly filed. This request includes the Court order that the identifies of each member of Matte LLC does not have to be input into ECF as that would defeat the entire purpose of this motion.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

David Marcus, Esq.

Encl.

Cc.   Counsel of Record via ECF

> The foregoing request is granted for the reasons stated above. The Court finds that Defendant has met its burden of demonstrating higher values sufficient to overcome the presumption of public access in the information to redacted in the public filing. The Court further finds that the scope of the proposed redactions is reasonable and narrowly tailored to cover only personal information, the disclosure of which could be injurious to non-parties to this action. The unredacted Exhibit A shall be maintained under seal with access only by the Court and Defense Counsel. This resolves docket entry no. 25. SO ORDERED.
>
> Dated: 6/12/2023
> /s/ Laura Taylor Swain, Chief U.S.D.J.

---

[1] At least one member of Matte LLC has advised that they are uncomfortable with the public or Plaintiff knowing their personal information, including information identifying them as being a member of Matte LLC.

**Notice pursuant to ECF Filing Rule 23.6**

Notice is given pursuant to ECF Filing Rule 23.6 that this filing is made as soon as we became aware that the ECF filing system was restored.

Pursuant to the Court's Order dated May 30, 2023 [Dkt No. 24], an amended Rule 7.1 Disclosure Statement was due to be filed by June 9, 2023.  On Friday June 9, 2023 at 4:38 pm I attempted to make this filing and redaction motion, which would have been timely if filing could have been made.  However, I received an error message and Ms. Shaw at Attorney's Services advised that ECF was down for maintenance until Sunday, June 11. 2023.

Dated:  June 9, 2023

By.  /s/ David Marcus
David Marcus Esq.